

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*Attorneys at Law*

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

October 5, 2018

**BY E-FILE AND HAND DELIVERY**
The Honorable Colm F. Connolly
United States District Court of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Genentech, Inc. v. Amgen Inc.,* C.A. No.: 17-1407-CFC, 17-1471-CFC

Defendant Amgen Inc. submits this letter brief requesting redress for Plaintiffs Genentech, Inc.'s and City of Hope's scheduling order violation and discovery misconduct.

**I.  Plaintiffs' Scheduling Order Violation, Identifying 37 Claims Instead of 20**

On May 18, 2018, after two full-day scheduling conferences including substantial discussion of narrowing the patents and claims, Judge Sleet entered a Scheduling Order (the "Order") requiring Plaintiffs to "identify no more than twenty claims for claim construction and trial by September 17, 2018." D.I. 106 at ¶2. On September 17, Plaintiffs violated that order, identifying 37 claims.[1] Amgen asks the Court to compel Plaintiffs to comply with the Order and identify no more than 20 claims within 24 hours of the Court's order, in advance of the parties' October 12 exchange of claim terms for construction. *See* D.I. 168-1 (Proposed Order).

Plaintiffs had *four months* before claim selection to seek relief from the Order. They did not, instead engaging in self-help by disregarding it entirely. Plaintiffs argued they could not pick the claims to assert from two patents-in-suit (U.S. Patents 8,512,983 and 9,441,035), because they had insufficient discovery on the concentrations of certain chemicals in Amgen's bioreactor.

This argument is too little, too late, and lacks credibility for at least three reasons. First, the concentration of chemicals is at issue in *all* asserted claims of the '983 and '035 Patents, and is not an issue that would impact claim selection among the patents. If Plaintiffs were genuinely concerned about a lack of discovery into chemical concentrations, they should have raised it before the August 31 patent selection deadline. *Compare* Ex. A, 2018-09-17 Ltr T. Fletcher to S. Gutman, at 1 (identifying asserted claims of '983 and '035 Patents); *with* Ex. B ('983 Patent at claims 2, 5, 6, 8, 9, 10, 11, and 19), *and* Ex. C ('035 Patent, at claims 2, 14, 33, 34, 35, 42, 54, 73, 74, 75, 81). Second, the record reflects that the alleged discovery deficiency is a false narrative. Before September 17, Amgen produced the information in its possession on this issue, including over 1.2 million pages of documents, three sets of interrogatory responses, and two witnesses for full-day depositions. Only *after* the September 17 deadline passed did Plaintiffs argue that a discovery deficiency justified violating the Order. Plaintiffs should not be allowed to unilaterally decide what Court orders they will comply with and what Court orders they can

---

[1] Plaintiffs have since agreed to drop one of the 37 claims asserted on September 17.

The Honorable Colm F. Connolly
Page 2

violate with an unfounded after-the-fact excuse. *See* D.I. 152 at 31:20-32:8 (Mr. Gutman: "we think what is really going on here is that plaintiffs will be coming to the Court to ask that their patent selections and claim selections . . . that the court push them back." The Court: ". . . if your prediction comes to pass, then the plaintiff is going to have a problem with me . . . ."). Third, Plaintiffs were in control of how to allocate the 20 claims across the 8 patents and they could have allocated more of the 20 claims to the '983 and '035 Patents if they wanted.

Plaintiffs' refusal to comply with the Order prejudices Amgen's ability to meaningfully prepare for imminent claim construction deadlines, and forces Amgen to unnecessarily address many more claims and terms during claim construction than sanctioned by the Order.

## II. Plaintiffs' Discovery Delay and Obfuscation

- *Amgen seeks an order requiring Plaintiffs to substantially complete their production of non-custodial (e.g., non-email) documents within one week of the Court's order.*

Plaintiffs have dragged their feet producing important categories of non-custodial documents responsive to requests that Amgen served in February 2018. Although substantial completion of document discovery is not until January, after eight months of fact discovery Plaintiffs still have not produced documents bearing on upcoming deadlines. For example, claim construction is imminent (with exchange of claim terms on October 12 and constructions on October 26) and Plaintiffs have not finished producing documents bearing on conception and reduction to practice (e.g., laboratory notebooks, prosecution files, invention disclosure forms). In addition, Plaintiffs have not yet produced documents bearing on a variety of other issues, such as secondary considerations, damages, and injunctive relief.

The glacial pace of Plaintiffs' production is impeding Amgen's ability to meaningfully participate in discovery, take depositions, and develop its case. We ask the Court to order Plaintiffs to finish producing non-custodial documents within one week of the Court's order.

- *Genentech seeks to impose an arbitrary date cut-off of January 1, 2015—two years before the filing of this case—for remedy-related discovery. Amgen seeks an order requiring Plaintiffs to produce the requested documents from 2009 to the present.*

Genentech imposed the cut-off in response to Amgen document requests 18, 21, 65, 67, 85, and 86, which generally seek documents on irreparable harm and the quantum of damages. *See* Ex. D, Excerpt of Responses to Amgen's Doc. Requests, at 2-4, 6, 8-11, 14, 16-17. The requested documents are relevant. Plaintiffs bear the burden of proving the amount of damages and that they are entitled to an injunction. Amgen seeks these documents to develop its positions on damages, and to test Plaintiffs' argument that the alleged infringement will cause irreparable harm. The requested sales records and documents about the anticipated impact of biosimilars on the price and market for Avastin®—which certainly pre-date $2015^2$—are relevant to these issues, as evidenced by the fact that Plaintiffs have served in-kind requests on Amgen.

---

[2] Genentech's claim that it does not have documents before 2015 because Genentech did not begin planning for biosimilar entrants until 2015 is not credible. The biosimilars statute was passed in 2010 and Genentech's parent company made public statements as early as 2010 about

01:23707960.1

The Honorable Colm F. Connolly
Page 3

Amgen has repeatedly attempted to reach a compromise with Plaintiffs, including a mutual date cut-off. Plaintiffs rejected Amgen's proposal. In addition, while Plaintiffs agreed to "collect sales and profit and loss data going back further than 2015," they did not specify the date range for that production or otherwise agree to remove the date cut-off. Amgen seeks an order compelling Plaintiffs to produce documents responsive to the above requests from 2009 to the present.

- *Genentech limited its email custodians to persons with discovery on "damages issues," in violation of the Stipulated Order Regarding Document Production Protocol ("ESI Agreement"). Amgen seeks an order requiring Genentech to identify custodians who possess discovery about the manufacture of Avastin®.*

The ESI Agreement required Genentech to provide "a list of the 8 (eight) non-inventor custodial data sources . . . that such Producing Party represents are most likely to have *discoverable information* in their possession, custody, or control . . . ." D.I. 152 at ¶G(1)(b) (emphasis added). Genentech, however, limited its list to persons only with "information relating to damages issues"—failing to identify any Genentech custodians having discoverable information about technical issues, such as the manufacture of Avastin®.

The scope of "discoverable information" in this case is not limited to remedy-related information. Amgen has requested custodial discovery on Genentech's manufacture of Avastin® because such documents are relevant to, *e.g.*, validity, damages, and injunctive relief. Amgen seeks an order compelling Genentech to designate custodians likely to possess discoverable information on such issues within one week of the Court's order.

- *Genentech refuses to produce documents served or filed by adverse parties in other legal proceedings involving the patents-in-suit on the issues of invalidity and unenforceability of the patents. Amgen seeks an order compelling production of these documents.*

Amgen's Document Request 44 seeks: "All Documents relating, in whole or in part, to the issue of invalidity and/or unenforceability of any of the Patents-in-Suit submitted, served, or filed by any party adverse to Genentech and/or City of Hope in any legal proceeding involving any of the Patents-in-Suit, including but not limited to invalidity contentions, expert reports regarding invalidity, motions, and/or interrogatory responses." Ex. D, Excerpt of Responses to Amgen Doc. Requests, at 7-8. Documents served by adverse parties in other legal proceedings concerning validity and enforceability of the same patents at issue in this case—whether they be served in district court litigation, *inter partes* review proceedings, or the information exchange process dictated by the BPCIA—are relevant and discoverable. *See Tessera Inc. v. Sony Elecs., Inc.*, 10-0838, 2012 WL 13035109, at *3-4 (D.N.J. Aug. 8, 2012) (compelling *Markman* briefs, expert reports, and claim construction orders from prior litigation involving asserted patents because they contained analysis of claim terms). Amgen seeks an order compelling Plaintiffs to produce documents responsive to Amgen RFP 44.

---

biosimilar competition to Avastin®. *See* Ex. E at 19 (Roche presentation addressing "Biosimilars in the US and Europe," including Avastin®).

The Honorable Colm F. Connolly
Page 4

Respectfully,

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)

MKS

cc: Michael P. Kelly, Esquire (by e-mail)
Daniel M. Silver, Esquire (by e-mail)

01:23707960.1